UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SLM FINANCIAL CORPORATION,

        Plaintiff,

vs.                                  Case No. 2:11-cv-105-FtM-29SPC

MICHAEL CASTELLANO,

        Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on Plaintiff SLM Financial Corporation's Motion to Dismiss Defendant's Counterclaim (Doc. #16) filed on July 1, 2011. Defendant filed an Opposition (Doc. #22) on July 29, 2011. With the permission of the Court, plaintiff filed a Reply (Doc. #27) on August 10, 2011.[1]

This case arises from defendant's alleged breach of a promissory note executed in favor of plaintiff. Plaintiff claims that defendant has failed to make timely payments and is in default under the note. Defendant counterclaims that plaintiff owed him a fiduciary duty and has breached that duty. Plaintiff moves to dismiss the counterclaim pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6).

---

[1] The Court declines to consider defendant's response to plaintiff's reply (Doc. #30) filed on August 24, 2011. In this district, a party may not submit additional briefing without prior approval from the Court. M.D. Fla. Local Rule 3.01(c).

**I.**

Counterclaims, like claims for relief in a complaint, must contain a short and plain statement showing an entitlement to relief, and the statement must give the opposing party fair notice of what the claim is and the grounds upon which it rests. Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A motion to dismiss a counterclaim under Fed. R. Civ. P. 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint. Whitney Info. Network, Inc. v. Gagnon, 353 F. Supp. 2d 1208, 1210 (M.D. Fla. 2005); Fabricant v. Sears Roebuck, 202 F.R.D. 306, 308 (S.D. Fla. 2001). The Court must accept all factual allegations in the counterclaim as true and take them in the light most favorable to the counter-claimant. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A counterclaim must be dismissed if it does not plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)(quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the [counter-defendant] is liable for the misconduct alleged." Id. Further, "the tenet that a court must accept a [counterclaim's] allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Id.

**II.**

The Counterclaim alleges the following: On or about July 18, 2007, defendant/counter-claimant Michael Castellano (Castellano) entered into a financial transaction with plaintiff/counter-defendant SLM Financial Corporation (SLM), whereby SLM agreed to provide Castellano with financing up to the amount of $1,830,000.00 for the purpose of developing certain real property located in Collier County, Florida. (Doc. #13, pp. 5-6, ¶¶ 1-2.) Castellano alleges that John Martin (Martin), a senior loans officer at SLM, induced him to enter into the transaction. According to the Counterclaim, Martin told Castellano that SLM had entered into numerous similar transactions with other individuals and that Martin could advise and guide Castellano through the entire process. (Id.) Castellano further alleges that Martin traveled with him to the property site and directed the planning and development of the property. There came a time when Castellano desired additional funds from the $1,830,000.00 available to him to further the development of the property. Castellano states that Martin advised him not to proceed with the development and to sell the property as-is, even though the proceeds of the sale would be insufficient to repay the money lent to him by SLM. (Id., p. 6, ¶¶ 6-8.) Finally, Castellano alleges that he reposed confidence and trust in Martin, that Martin assumed a duty to advise, counsel and protect Castellano, that Martin breached that duty and that Castellano suffered damages. (Id., p. 7, ¶¶ 9-11.)

**III.**

The elements of a claim for breach of fiduciary duty are: (1) the existence of a fiduciary duty; (2) the breach of that duty; and (3) damage proximately caused by that breach. Minotty v. Baudo, 42 So. 3d 824, 836 (4th DCA 2010)(citing Gracey v. Eaker, 837 So. 2d 348, 353 (Fla. 2002)).[2]  A Florida court has summarized the contours of a fiduciary relationship as follows:

> If a relation of trust and confidence exists between the parties (that is to say, where confidence is reposed by one party and a trust accepted by the other, or where confidence has been acquired and abused), that is sufficient as a predicate for relief. Fiduciary relationships may be implied in law and such relationships are premised upon the specific factual situation surrounding the transaction and the relationship of the parties. Courts have found a fiduciary relation implied in law when confidence is reposed by one party and a trust accepted by the other. To establish a fiduciary relationship, a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel and protect the weaker party.

Bingham v. Bingham, 11 So. 3d 374, 387 (Fla. 3d DCA 2009)(internal citations and quotations omitted).  Fiduciary relationships are either expressly or impliedly created. Capital Bank v. MVB, Inc., 644 So. 2d 515, 518-19 (Fla. 3d DCA 1994).  When a fiduciary relationship has not been created by an express agreement, the question of whether the relationship exists generally depends "upon the specific facts and circumstances surrounding the relationship

---

[2]Because the Court's jurisdiction is premised upon diversity of citizenship, the breach of fiduciary duty counterclaim is governed by Florida law. Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996)("[F]ederal courts sitting in diversity apply state substantive law and federal procedural law.")

of the parties in a transaction in which they are involved." Collins v. Countrywide Home Loans, 680 F. Supp. 2d 1287, 1297 (M.D. Fla. 2010)(quoting Taylor Woodrow Homes Fla., Inc. v. 4/46-A Corp., 850 So. 2d 536, 540 (Fla. 5th DCA 2003)).

With respect to lender-creditor relationships, Florida courts have recognized that "[g]enerally, the relationship between a bank and its borrower is that of a creditor to debtor, in which parties engage in arms-length transactions, and the bank owes no fiduciary responsibilities." Capital Bank, 644 So. 2d at 518. "In an arms-length transaction ..., there is no duty imposed on either party to act for the benefit or protection of the other party, or to disclose facts that the other party could, by its own diligence have discovered." Watkins v. NCNB Nat'l Bank of Fla., N.A., 622 So. 2d 1063, 1065 (Fla. 3d DCA 1993)(citations omitted).

However, under "special circumstances" fiduciary relationships between lenders and customers have been found to exist in Florida, as well as in other jurisdictions. These special circumstances include: where "the bank knows or has reason to know that the customer is placing his trust and confidence in the bank and is relying on the bank so to counsel and inform him," Id. (quoting Klein v. First Edina Nat'l Bank, 196 N.W. 2d. 619, 623 (Minn. 1972)); see also Barnett Bank of W. Fla. v. Hooper, 498 So. 2d 923, 925 (Fla. 1986); where the lender 1) takes on extra services for a customer, 2) receives any greater economic benefit than from a typical transaction, or 3) exercises extensive control, Id. (citing

Tokarz v. Frontier Fed. Sav. & Loan Ass'n, 656 P.2d 1089, 1094 (Wash. 1982)); First Nat'l Bank & Trust Co. v. Pack, 789 So. 2d 411, 415 (Fla. 4th DCA 2001); where the borrower asked the bank loan officer a legal question "thus creating a position of superiority and influence on the part of the bank in providing the information"; or gave the borrower financial advice concerning a possible investment, which imposed a higher duty on the bank. Collins, 680 F. Supp. 2d at 1297 (applying Florida law).

Here, Castellano fails to allege any special circumstances which would take his relationship with SLM outside of the typical lender-creditor relationship. Castellano simply asserts that Martin "exceeded his role as a traditional lender," "provided business advice," "orchestrated the financial transaction," and "directed the planning and development of the project." He does not, however, allege sufficient facts to support these conclusory allegations. The Court need not accept as true legal conclusions couched as factual allegations. See Papsan v. Allain, 478 U.S. 265, 286 (1986). Although he does allege that Martin traveled with him to the property on at least one occasion and at some point advised him to sell the property, these are the only "facts" Castellano states in support of his claim. The Court finds that these allegations, standing alone, are insufficient to plausibly suggest that Martin was acting as a fiduciary.

Castellano goes on to assert that he reposed confidence and trust in Martin, that Martin assumed a duty to advise, counsel and protect Castellano, that Martin breached that duty and that

Castellano suffered damages. Such conclusory allegations are insufficient to state a claim for breach of fiduciary duty. The Counterclaim "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. In addition to alleging facts which establish SLM owed Castellano a fiduciary duty, Castellano must allege facts which demonstrate how it breached that duty and what damages Castellano suffered.

Accordingly, it is now

**ORDERED**:

1. Plaintiff SLM Financial Corporation's Motion to Dismiss Defendant's Counterclaim (Doc. #16) is **GRANTED** and the Counterclaim (Doc. #13) is dismissed without prejudice.

2. Counter-claimant/defendant may file an amended counterclaim **WITHIN TWENTY ONE (21) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this 6th day of March, 2012.

 /s/ John E. Steele
 JOHN E. STEELE
 United States District Judge

Copies: Counsel of record